MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd., #95
Las Vegas, NV 89102
(702) 870-8700
(702) 870-0034 Fax
mgliner@glinerlaw.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOANNA QUEZADA<br><br>    Plaintiff,<br><br>vs.<br><br>HALSTED FINANCIAL SERVICES, LLC<br>and NATIONAL CREDIT ADJUSTERS, L.L.C.<br><br>    Defendants. | No.<br><br>JURY DEMANDED |

COMPLAINT

JURISDICTION

1.   The jurisdiction of this Court attains pursuant to the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 28 U.S.C. § 1332, and the doctrine of supplemental jurisdiction. Venue lies in the Southern Division of the Judicial District of Nevada as Plaintiff's claims arose from acts of the Defendants perpetrated therein.

PRELIMINARY STATEMENT

2.   This action is instituted in accordance with and to remedy Defendants' violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 et seq. (hereinafter "FDCPA"), and of related state law obligations brought as supplemental claims hereto.

3.   In 2017 Defendants initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Henderson, Nevada.

Page 1

4.      As a result of these and other violations of law, Plaintiff seeks hereby to recover actual and statutory damages together with reasonable attorney's fees and costs.

## PARTIES

5.      Plaintiff, Joanna Quezada, is a natural person who resides in Henderson, Nevada, and is a "consumer" as defined by 15 U.S.C. Section 1692a(3) and allegedly owes a "debt" as defined by 15 U.S.C. Section 1692a(5).

6.      Defendant HALSTED FINANCIAL SERVICES, LLC, is a Foreign Limited-Liability Company, the principal purpose of whose business is the collection of debts operating a debt collection agency from its principal place of business in Skokie, IL and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15. U.S.C. Section 1692a(6).

7.      Defendant NATIONAL CREDIT ADJUSTERS, L.L.C. is a Foreign Limited-Liability Company, the principal purpose of whose business is the collection of debts, operating a debt collection agency from its principal place of business in Hutchinson, KS, and regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. Section 1692a(6).

## FACTUAL ALLEGATIONS

8.      Plaintiff repeats, realleges and asserts all factual allegations contained in the preliminary statement to this Complaint and reasserts them as incorporated in full herein.

9.      The alleged debt underlying this action is fully paid.

10.     On October 13, 2017 Defendants dunned Plaintiff for an $880 debt allegedly owed to Castle Payday Loan (Exhibit 1).

11.     Plaintiff had fully settled this account during 2015 (Exhibit 2).

12.     Defendants illegally demanded payment by October 13, 2017-the same day Defendants generated their initial dun (Exhibit 1).

13.     Defendants illegally threatened to report Plaintiff's ostensibly "unpaid account."

14. Defendants violated the FDCPA in falsely representing the account's status in an assignment.

15. Defendants' threats of legal action and corresponding demand for immediate payment were in violation of FDCPA § 1692g(a), *Terran v Kaplan*, 109 F.3d 1428, 1434 (9th Cir. 1997).

16. Defendants conditionally threatened negatively reporting Plaintiff's account when such conduct is proscribed in violation of FDCPA §§ 1692e(5) and (10). *Gonzales v. Arrow Financial Services, LLC*, 660 F.3d 1055, 1062-64 (9th Cir. 2011).

17. Defendants' campaign to artificially extend the life of a patently invalid account violates FDCPA §§ 1692e, 1692e(2)(A) and 1692e(10).

18. Defendants' conduct is unconscionable in violation of FDCPA § 1692f.

19. Defendants' attempts to collect on an invalid debt was in violation of both FDCPA §§ 1692e(2)(A) and (10) and FDCPA § 1692f. Kimber v. Federal Financial Corp., 668 F. Supp. 1480, 1487-89 (M.D. Ala. 1987).

20. Thus, the natural consequence of Defendants' contact was to harass, oppress and abuse Plaintiff in violation of FDCPA § 1692d. *Clark v. Capital Credit & Collection Services*, 460 F.3d 1162, 1176 (9th Cir. 2006).

21. Defendants' assertion the account was due and owing was a material misrepresentation made in violation of FDCPA §1692e. *Tourgeman v. Collins Financial Services, Inc.*, 755 F.3d 1109, 1121 (9th Cir. 2014).

22. Plaintiff has suffered meaningful emotional distress as a result of Defendants' conduct. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 957 (9th Cir. 2011).

23. The foregoing acts and omissions of Defendants were undertaken by them willfully, maliciously, and intentionally, knowingly, and/or in gross or reckless disregard of the rights of Plaintiff.

24. Indeed, the foregoing acts and omissions of Defendants were undertaken by them indiscriminately and persistently, as part of their regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of Plaintiff.

25. As a proximate result of the foregoing acts and omissions of Defendants, Plaintiff has suffered actual damages and injury, including, but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial.

26. As a result of the foregoing acts and omissions of Defendants, and in order to punish Defendants for their outrageous and malicious conduct, as well as to deter them from committing similar acts in the future as part of their debt collection efforts, Plaintiff is entitled to recover punitive damages in an amount to be proven at trial.

## CAUSES OF ACTION

### COUNT I

27. The foregoing acts and omissions of Defendants constitute violations of the FDCPA, including, but not limited to, Sections 1692c, 1692d, 1692e, 1692f and 1692g.

28. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

### COUNT II

29. The foregoing acts and omissions constitute unreasonable debt collection practices in violation of the doctrine of Invasion of Privacy. Kuhn v. Account Control Technology, Inc., 865 F. Supp. 1443, 1448-49 (D. Nev. 1994); Pittman v. J. J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609, 613-14 (D. of Nev. 1997).

30. Plaintiff is entitled to recover actual damages as well as punitive damages in an amount to be proven at trial.

## JURY DEMANDED

Plaintiff hereby demands trial by a jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Honorable Court grant the following relief:

1. Award actual damages.
2. Award punitive damages.
3. Award statutory damages of $1,000 per each Defendant pursuant to 15 U.S.C. § 1692k.
4. Award reasonable attorney fees.
5. Award costs.
6. Grant such other and further relief as it deems just and proper.

Respectfully submitted,

_____
MITCHELL D. GLINER, ESQ.
Nevada Bar #003419
3017 W. Charleston Blvd. #95
Las Vegas, Nevada 89102
Attorney for Plaintiff



PO Box 828 · Skokie, IL 60076 · TEL: (855) 228-1181 · WEB: www.halstedfinancial.com

~~1~~0/13/2017

RE: JOANNA QUEZADA
Current Creditor To Whom The Debt Is Owed: National Credit Adjusters, LLC
Original Creditor: CASTLEPAYDAY
Account Number: XXXXX0310
Our Reference Number: 14686481
Original Balance Due: $880
**Settlement Balance Due: $880.00**

Dear JOANNA QUEZADA,

This confirmation letter serves as your written verification for the terms of this agreement that have been authorized on the above referenced debt. Any variation from the provisions outlined in this letter without consent from this office may nullify this offer. This arrangement must be secured by either check or credit card no later than 10/13/2017. Upon clearance of your final payment, we will issue you a release letter within 30 days.

A payment on this amount of $ is due by 10/13/2017.

?The law limits how long you can be sued on a debt. Because of the age of your debt, National Credit Adjusters, LLC not sue you for it. If you do not pay the debt, National Credit Adjusters, LLC ~~may~~ report or continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different than the current creditor.

Sincerely,

Paolo Nagrama
Account Representative
Toll Free # (855) 820-1905

**EXHIBIT 1**

2216 W. MEADOWVIEW RD.
SUITE 205
GREENSBORO, NC 27407

# COCHREN BAILEY & ASSOCIATES

ACA™
INTERNATIONAL
The Association of Credit
and Collection Professionals
Member

JOANNA QUEZADA
3145 BLOSSOM GLEN DR
HENDERSON, NV 89014

4/2/2015

*"THIS COMMUNICATION IS FROM A DEBT COLLECTION COMPANY, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE"*

**CASTLEPAYDAY PAYDAY LOAN**
**Original Balance: $880.00**
**Current Balance: $0.00**

Acct #: 59330310
File #: C2016A435

Dear Joanna Quezada:

Please be advised that the above account has been settled in full in the amount of **$400.00** on **4/2/2015** and your account will be closed in our office. Please keep this letter as record of the closing of the account. You may use this letter as notification to the client **CASTLEPAYDAY** that your account was paid off so they can update their record accordingly, the new status of this account. If you have any questions about this letter, please call our office at (844)300-9287.

Should your payment be null for any reason, this letter will become null and void.

Sincerely,

**Brenda McMillan**
**Director of Operations**

** 5% charge for every Credit Card payment processed with our company. We accept Money Order or Cashier Check (NO PERSONAL CHECKS) payable to CB&A, LLC.

**EXHIBIT 2**